**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

P.W., individually, and as Parent
and Natural Guardian of B.W.,
a minor,

      Plaintiffs,

v.                                  Case No. 3:20-cv-1464-MMH-MCR

DUVAL COUNTY SCHOOL
BOARD, et al.,

      Defendants.
_____/

**O R D E R**

      **THIS CAUSE** is before the Court on the Motion for Order Authorizing Settlement of Minor's Claim Against Duval County School Board (Doc. 30; DCSB Motion), filed on August 25, 2022, and the In Camera Motion for Order Authorizing Settlement of Minor's Claim Against ESS Southeast, LLC., and Holly Sheffield Thomas (Doc. 36; ESS Motion).  In the Motions, Plaintiff P.W., individually and as the parent and natural guardian of B.W., her minor child, seeks this Court's approval of the settlements of the claims brought in the above-styled cause against Defendant Duval County School Board (DCSB), see DCSB Motion at 1, and Defendants ESS Southeast, LLC and Holly Sheffield Thomas, see ESS Motion at 1.  Plaintiff represents to the Court that

Defendants have no objection to the relief requested in the Motions. See DCSB Motion at 4; ESS Motion at 4. Upon review, the Court finds it necessary to deny the Motions without prejudice to the filing of renewed motions which address the issues identified below.

Under Florida law,[1] the settlement of an action commenced by or on behalf of a minor child is not effective "unless approved by the court having jurisdiction of the action." See Fla. Stat. § 744.387(3)(a). The purpose of this requirement is to "protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." See McLaughlin v. Lara, 133 So. 3d 1004, 1006 (Fla. 2d Dist. Ct. App. 2013). In reviewing the settlement, the Court must determine whether the settlement is in the best interests of the minor child. See Bullard v. Sharp, 707 So. 2d 1023, 1024 (Fla. 4th Dist. Ct. App. 1981); see also Fla. Stat. § 744.387(1). In doing

---

[1] The Court acknowledges that as a case filed in federal court arising in part under federal law, it is arguable whether Florida law regarding the approval of a minor's settlement agreement applies to this action. See Garcia v. United States, No. 2:16-cv-168-FtM-38MRM, 2018 WL 889433, at *2 n.3. (M.D. Fla. Jan. 26, 2018) adopted by 2018 WL 838975, at *1 (M.D. Fla. Feb. 13, 2018); see also Casey v. Gartland, No. 2:18cv890-MHT, 2020 WL 4470444, at *1 (M.D. Ala. Aug. 4, 2020) ("It is unclear whether federal or state law governs whether a federal court should approve the settlement of a federal claim brought by, or otherwise implicating the interest of, a minor . . . ."); Meyers v. United States, No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *2-4 (M.D. Fla. Sept. 29, 2014). Regardless, the Court finds it both useful and appropriate to follow state law when asked to approve a minor's settlement given that state law on the relevant issues "is well developed, while federal law on these issues is limited." See Meyers, 2014 WL 503585, at *4; Casey, 2020 WL 4470444, at *1 (applying state law in reviewing settlement of a minor's federal claim because state law is "fairly settled and easily discernable" and because federal law, to the extent it applied, was unlikely to be substantively or procedurally different in any material way).

so, the Court considers whether the settlement is "'fair, adequate and reasonable and is not the product of collusion between the parties.'" See In re Smith, 926 F.2d 1027, 1029 (11th Cir. 1991) (quoting Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977)).

Significantly, "before approving a settlement of the minor's claim in a case in which the gross settlement involving a minor equals or exceeds $50,000," Florida law requires the appointment of a guardian ad litem to represent the minor's interest. See Fla. Stat. § 744.3025(b); Fla. Prob. R. 5.636(d). Here, although the gross settlement proceeds to the minor child far exceed $50,000, Plaintiff has not requested or obtained a guardian ad litem to represent the minor. Plaintiff appears to contend that a guardian ad litem is not necessary under the circumstances of this case and asserts that, under Rule 17 of the Federal Rules of Civil Procedure, "[w]here there is no conflict between the ward and [her] natural parents, there is no need to appoint a guardian ad litem . . . ." See DCSB Motion at 3 (citing Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001)); ESS Motion at 3 (same).[2] Nevertheless, even if the Court is not

---

[2] In Burke v. Smith, the Eleventh Circuit Court of Appeals held that "'[t]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure'" and explained that "[g]enerally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." See Burke, 252 F.3d at 1264. Notably, Burke concerned the settlement of a minor's claim under Alabama law and does not specifically address the requirements of Florida law discussed here. Moreover, notwithstanding its decision on guardianship, the court in Burke rejected the contention that Rule 17 otherwise governed the capacity of a minor to enter a settlement. Id. at 1265-66.

required to appoint a guardian ad litem, the Court has discretion to do so and, as noted above, the Court finds it prudent to follow the requirements of Florida law on these matters. Indeed, the Court can discern no reason why minors in federal court should receive fewer protections than those proceeding in state court. See Burke, 252 F.3d at 1266 (observing that failure to apply state law regarding the settlement of a minor's claim "would result in an 'inequitable administration' of the laws").

In light of the foregoing, the Court will deny the Motions without prejudice to the filing of renewed motions that comply with the requirements of Florida law governing the settlement of a minor's claim.[3] The Court notes that the current Motions are also deficient in that Plaintiff fails to provide the Court with "copies of all agreements, releases, or other documents to be executed on behalf of the minor." See Fla. Probate R. 5.636(b)(7). In addition, the DCSB Motion appears to contain a significant error in its description of how the funds will be disbursed between P.W. and B.W. which requires clarification. See DCSB Motion at 3, e. and f. Thus, any renewed motions must address these deficiencies as well.[4] Accordingly, it is

---

[3] The Court acknowledges that B.W. will reach the age of majority in a matter of months. Thus, in the alternative, the parties may seek a stay of this action until such time as B.W. is no longer a minor and can enter the settlement on her own behalf.

[4] Given the privacy concerns of the minor, Plaintiff may submit copies of the agreements for the Court's review to the undersigned's chambers email address.

**ORDERED:**

1. Plaintiff's Motion for Order Authorizing Settlement of Minor's Claim Against Duval County School Board (Doc. 30) and In Camera Motion for Order Authorizing Settlement of Minor's Claim Against ESS Southeast, LLC., and Holly Sheffield Thomas (Doc. 36) are **DENIED without prejudice** to filing a renewed motion that addresses the issues identified in this Order.

2. Plaintiff shall have up to and including **November 10, 2022**, to file appropriate motions.

3. The Clerk of the Court is directed to administratively close this case pending further Order of the Court.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of October, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record