UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

P.W., individually, and as Parent
and Natural Guardian of B.W.,
a minor,

       Plaintiffs,

v.                                                                        Case No.   3:20-cv-1464-MMH-MCR

DUVAL COUNTY SCHOOL
BOARD, et al.,

       Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the In Camera Renewed Motion for Order Authorizing Settlement of Minor's Claim Against Defendants (Doc. 40; Motion), filed on December 1, 2022.  In the Motion, Plaintiff P.W., individually and as the parent and natural guardian of B.W., her minor child, seeks this Court's approval of the settlement of the claims brought in the above-styled cause against Defendants Duval County School Board (DCSB), ESS Southeast, LLC, and Holly Sheffield Thomas.  See Motion at 1.  Plaintiff represents to the Court that Defendants have no objection to the relief requested in the Motion.  See Motion at 4.

Under Florida law,[1] the settlement of an action commenced by or on behalf of a minor child is not effective "unless approved by the court having jurisdiction of the action." See Fla. Stat. § 744.387(3)(a). The purpose of this requirement is to "protect the interests of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." See McLaughlin v. Lara, 133 So. 3d 1004, 1006 (Fla. 2d Dist. Ct. App. 2013). In reviewing the settlement, the Court must determine whether the settlement is in the best interests of the minor child. See Bullard v. Sharp, 707 So. 2d 1023, 1024 (Fla. 4th Dist. Ct. App. 1981); see also Fla. Stat. § 744.387(1). In doing so, the Court considers whether the settlement is "'fair, adequate and reasonable and is not the product of collusion between the parties.'" See In re Smith, 926 F.2d 1027, 1029 (11th Cir. 1991) (quoting Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977)).

---

[1] The Court acknowledges that as a case filed in federal court arising in part under federal law, it is arguable whether Florida law regarding the approval of a minor's settlement agreement applies to this action. See Garcia v. United States, No. 2:16-cv-168-FtM-38MRM, 2018 WL 889433, at *2 n.3. (M.D. Fla. Jan. 26, 2018) adopted by 2018 WL 838975, at *1 (M.D. Fla. Feb. 13, 2018); see also Casey v. Gartland, No. 2:18cv890-MHT, 2020 WL 4470444, at *1 (M.D. Ala. Aug. 4, 2020) ("It is unclear whether federal or state law governs whether a federal court should approve the settlement of a federal claim brought by, or otherwise implicating the interest of, a minor . . . ."); Meyers v. United States, No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *2-4 (M.D. Fla. Sept. 29, 2014). Regardless, the Court finds it both useful and appropriate to follow state law when asked to approve a minor's settlement given that state law on the relevant issues "is well developed, while federal law on these issues is limited." See Meyers, 2014 WL 503585, at *4; Casey, 2020 WL 4470444, at *1 (applying state law in reviewing settlement of a minor's federal claim because state law is "fairly settled and easily discernable" and because federal law, to the extent it applied, was unlikely to be substantively or procedurally different in any material way).

Florida Probate Rule 5.636(b) provides that a petition to approve a settlement of a minor's claim must include the initials, residence address, and year of birth of the minor; the name and residence address of the natural guardians or other persons having legal custody of the minor; as well as the name and address of any guardian appointed for the minor.  See Fla. Probate R. 5.636(b)(1)-(3).  This Florida Probate Rule further requires a petitioner to submit: a description of the cause of action, a summary of the proposed settlement, copies of the agreements and releases, and a statement disclosing any interests of the guardians that conflict with those of the minor.  See Fla. Probate R. 5.636(b)(4)-(7).  Accordingly, in support of the Motion, Plaintiff filed under seal the proposed releases (Doc. 40-1; Agreements) encompassing the terms of the settlements with DCSB, ESS and Thomas.  Plaintiff also submitted a Settlement Statement (Doc. 40-2) which sets forth the intended disbursement of the funds.

Upon review of Plaintiff's submissions, the Court finds that Plaintiff has complied with Florida Probate Rule 5.636(b).  In addition, the Court notes that attorney Henry E. Gare was appointed as a guardian ad litem for B.W.  The guardian ad litem has reviewed the Settlement Statement and believes that "the settlement is reasonable and that the apportionment to the minor is fair and in the best interest of the minor child."  See Motion, Ex. C: Report of Guardian ad Litem at 3.  The Court has reviewed the Motion, Agreements,

Settlement Statement, Report of Guardian Ad Litem, and record in this case. Upon due consideration, the undersigned agrees with the assessment of the guardian ad litem and finds that the terms of the settlement are fair, reasonable, and in the best interest of B.W. Accordingly, the Court will approve the settlement and grant the Motion in its entirety. In light of the foregoing, it is

**ORDERED:**

1. The In Camera Renewed Motion for Order Authorizing Settlement of Minor's Claim Against Defendants (Doc. 40) is **GRANTED**.

2. For purposes of satisfying section 744.387 of the Florida Statutes, the settlement agreements and releases (Doc. 40-1) and the proposed Settlement Statement (Doc. 40-2) are **APPROVED**.

3. Counsel for Plaintiff is authorized to receive and accept the settlement funds and disburse the same in accordance with the Settlement Statement.

4. P.W., the minor's natural guardian, is authorized to:

    a. Settle the claims with DCSB, ESS, and Thomas as set forth above, and

    b. Execute the releases as to DCSB, ESS, and Thomas relating to the claims asserted against them in this action.

5. The parties shall have up to and including **March 3, 2023**, to file a joint stipulation of dismissal or other appropriate documents to close out this file.

6. If the parties have not filed the appropriate dismissal documents or a request for additional time by the **March 3, 2023**, deadline, this case will automatically be deemed to be dismissed without prejudice.

**DONE AND ORDERED** in Jacksonville, Florida this 20th day of December, 2022.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record